Juanita BALDERAS, Jose Balderas, Mario Balderas, Leticia Castillo, Victor B. Castillo, Jr., Victor B. Castillo, Sr., and Amada Castillo, Appellants,

v.

Tamera Rene HOWE, Nexus Rent–A–Car, Inc., James R. George, William J. George, and Dollar Rent–A–Car Systems, Inc., Respondents.

No. WD 49145.

Missouri Court of Appeals, Western District.

Jan. 31, 1995.

Stephen W. Nichols, Kansas City, for appellants.

Eric T. Swanson, Kansas City, Robert A. Rees, Los Angeles, CA, for respondent Dollar Rent–A–Car.

Tamera Rene Howe, pro se.

James George, Linda George, pro se.

William T. Bernard, Kansas City, for defendant William J. George.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

Although franchising is an agency relationship, application of traditional principles of agency law to franchises is complex. That became apparent to the trial court as it endeavored to determine whether a franchisor, Dollar Rent–A–Car Systems, Inc., must defend a tort action involving the alleged negligent operation of an automobile by an employee of Dollar's franchisee, Nexus Rent–A–Car, Inc.

The appellants sued Dollar, Nexus, and Nexus officials to recover their damages arising from an automobile collision. The trial court concluded that Dollar's liability was not an issue of fact to be resolved by the jury, but it was a matter of law for the court to decide. The court decided that, as a matter of law, Dollar was not liable for the Nexus employee's negligent driving. We reverse.

This dispute resulted from an automobile accident on May 30, 1989, in Clay County. The driver of one of the vehicles, Tamera Rene Howe, was being paid by Nexus as she drove a car, not owned by Dollar, from Dollar's facility at Kansas City International Airport to North Kansas City. B & G Leasing owned the car and leased it to Nexus. Nexus operated at the airport under Dollar's trade name. Nexus had other operations which did not involve Dollar.

Howe lost control of the car near the interchange of U.S. 169 and Mo. 9 and crashed into a pickup driven by Jose Balderas.[1] Balderas alleged that Dollar was vicariously liable for Howe's negligence under a theory of agency based on Nexus' franchise agreement with Dollar.

Balderas contends that the trial court erred in granting summary judgment for Dollar. Balderas asserts that the issue of whether Dollar was vicariously liable for Howe's negligence as a result of its day-to-day control of Nexus' operations was an unresolved, material issue. We agree that summary judgment was inappropriate.

■ A litigant moving for summary judgment must establish that the parties are not disputing any genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *ITT Commercial Finance v. Mid–America Marine Supply*, 854 S.W.2d 371, 377 (Mo. banc 1993). When we review the granting of a motion for summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *Id.* at 376; Rule 74.04. A record containing competent materials which support conflicting, but plausible, accounts of an essential fact evidences a "genuine issue," and a "genuine issue" is a real—as opposed to merely argumentative, imaginary or frivolous—dispute. *Id.* at 382.

■ Not only are the parties in this case in much dispute over Dollar's power to supervise Nexus' day-to-day operations, we know only the barest details surrounding Howe's trip—certainly not enough to support summary judgment. The trial court decided, however, that it should grant summary judgment because a jury would be too confused by the franchising arrangement between Dollar and Nexus: "It's extremely confusing. It's confusing to the Courts that have written opinions. It's confusing to the lawyers that argue the case. It's confusing to me on occasion. I certainly think it would be very confusing to a jury. So I think it's appropriate for me to at least examine the issues as a matter of law."

---

1. For the reader's ease, we refer to the appellants collectively as Balderas. The appellants asserted different bases for their claims, but their specific claims are not of significance in this appeal.

The trial court is correct in concluding that the courts have had difficulty applying traditional principles of agency to franchise arrangements. Part of the difficulty has been caused by legislative moves to protect franchising as "a powerful force in American and international markets:" About a third of retail sales in the United States are made through franchised outlets. Dennis D. Palmer, *Franchises: Statutory and Common Law Causes of Action in Missouri Revisited,* 62 UMKC L.Rev. 471 (1994). Recognizing a need for franchisors to protect their trademarks and their goodwill, and to ensure that the public is not deceived, the United States Congress may have mandated that a franchisor control the franchisee.[2]

■ That a jury would have difficulty sorting out the issue, however, is not a sound basis for granting summary judgment. Juries, moreover, have been given the issue to sort out and have been able to resolve it.[3]

Our reversal, however, is based on Dollar's failure to establish a sufficient basis, as a matter of law, for summary judgment. Not only did Dollar fail to establish that it had enough control of Nexus' operations to make it liable for Howe's crash, the trial court found that it had the *right* to control Nexus' operations. It should, therefore, have denied the motion.

In moving for summary judgment, Dollar presented the affidavit of George Linn, Dollar's vice president in charge of risk management, which said:

Dollar had no knowledge of and was not involved in the transportation of any vehicles owned by B & G Leasing, Inc., Nexus Rent A Car, Inc., James George or William George[4] from Kansas City International Airport to a facility located at 110 Armour Road, Kansas City, Missouri, on or about May 30, 1989, and had no control or right to control over the transportation of any of those vehicles.

...Dollar did not provide any instructions to Tamera Rene Howe or any other employee of B & G Leasing, Inc., Nexus Rent A Car, Inc., James George or William George, including the transportation of any vehicles from the Kansas City International Airport to a facility located at 110 Armour Road, Kansas City, Missouri, on or about May 30, 1989.

That Dollar did not know details of Howe's trip does not necessarily excuse it from liability. Nexus operated at times on its own for its own benefit. At other times, it operated as Dollar's agent. Which was the case when the car Howe was driving crashed into Balderas' pickup? Dollar's evidence did not establish that, as a matter of law, the trial court should have granted summary judgment in its favor.

Of more importance is the trial court's conclusion that Dollar had a right to control. The court said:

[C]learly there is a right to control, but it's also the belief of the Court that for the most part, there is no exercise of any actual control to the extent to where the defendant Dollar Rent A Car dictated or was involved in the day-to-day operations of co-defendant Nexus or B & G Leasing....

. . . .

...[I]t appears to me that from the outset even though Dollar Rent A Car had a technical right, there was not a sufficient exercise of that right.

■ If Dollar had the right to control, the trial court should have denied Dollar's motion for summary judgment. The supreme test in determining whether vicarious liability applies to a tort is whether the person sought

---

**2.** In 15 U.S.C. §§ 1055, Congress requires that the owner of a trademark licensing his mark to a "related company" not allow the mark to be "used in such manner as to deceive the public." Congress defines a "related company" as "any person who ... is *controlled* by" the franchisor. Id. at § 1127 (emphasis added). Neither party discusses whether these provisions create a preemption.

**3.** See *Holiday Inns, Inc. v. Shelburne,* 576 So.2d 322 (Fla.App.1991); *Crinkley v. Holiday Inns, Inc.,* 844 F.2d 156 (4th Cir.1988); *Butler v. Colo. Int'l Pancakes, Inc.,* 510 P.2d 443 (Colo.App. 1973); *Kuchta v. Allied Builders Corp.,* 21 Cal. App.3d 541, 98 Cal.Rptr. 588 (1971).

**4.** The Georges owned both Nexus and B & G Leasing.

to be charged as master had the right or power to control and direct the physical conduct of the other in the performance of the act. *Wilson v. St. Louis Area Council, Boy Scouts of America,* 845 S.W.2d 568, 570 (Mo. App.1992). The relationship of master and servant begins only when the person charged as master has the right to direct the method by which the master's service is performed. *Id.* at 571.

Hence, we conclude that the trial court should not have granted Dollar's motion for summary judgment. We remand the case for further proceedings.

All concur.